VENABLE LLP
J. DOUGLAS BALDRIDGE (admitted *pro hac vice*)
LISA JOSE FALES (admitted *pro hac vice*)
ARI N. ROTHMAN (admitted *pro hac vice*)
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300

VENABLE LLP
JEFFREY M. TANZER (Cal. Bar No. 129437)
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendants
CONNEXUS CORP. and
HYDRA MEDIA GROUP, INC.

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEYOND SYSTEMS, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONNEXUS CORP. (f/k/a VENDARE MEDIA and NetBlue, Inc.), a Delaware corporation; HYDRA MEDIA GROUP, INC., a California corporation; MAILCOMPANYX (d/b/a Internet Endeavors, Inc.), a Nevada corporation, including SEBASTIAN BARALE, in his individual capacity; And Does 1 through 10, inclusive,<br><br>Defendants. | Case No. CV08-01039 RGK (PLAx)<br><br>Complaint filed: February 14, 2008<br><br>*Assigned to Hon. R. Gary Klausner Department 850*<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER** |

[PROPOSED] STIPULATED PROTECTIVE ORDER
1

1  WHEREAS, the parties who have appeared in this action, Plaintiff Beyond Systems, Inc., Defendant Connexus Corp., and Defendant Hydra Media Group, Inc. (the "Parties"), submitted a Stipulated Protective Order to the Court on June 6, 2008 [DE # 56];

WHEREAS, the Court by Order dated June 10, 2008 [DE # 60] did not adopt the Stipulated Protective Order but instead set forth instructions for the submission of a revised Stipulated Protective Order;

WHEREAS, the discovery and pre-trial phase of this action may involve disclosure of information which has not been made public and which concerns or relates to trade secrets under California Civil Code § 3426.1 (quoted below) and other confidential research, financial, business, technical development or commercial information, collectively referred to herein as CONFIDENTIAL INFORMATION;

WHEREAS, as grounds for the entry of this Stipulated Protective Order, the Parties set forth the following **GOOD CAUSE STATEMENT** pursuant to the Court's June 10, 2008 Order:

> **GOOD CAUSE STATEMENT.** Good cause exists for the entry of a Protective Order, in that the CONFIDENTIAL INFORMATION subject to protection under this Order includes (1) information that "[d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy" under California Civil Code § 3426.1, and (2) other confidential research, business, technical, development, financial or commercial information. The CONFIDENTIAL INFORMATION subject to protection under this Order reflects,

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

among other things, the identity of the customers, recipient identifying information in the emails at issue, the prices charged or paid for services by one or more of the Parties, internal matters pertaining to the business development activities of one or more of the Parties, and nonpublic financial information about the Parties. The unrestricted use or disclosure by a Party of CONFIDENTIAL INFORMATION may have the effect of causing harm to the competitive position of the Party disclosing the information.

WHEREAS, good cause appearing for the entry of this Stipulated Protective Order, IT IS HEREBY ORDERED AS FOLLOWS:

1. **Proceedings and Information Governed**. This Stipulated Protective Order ("Order") shall apply to the action entitled *Beyond Systems, Inc. v. Connexus Corp., et al.*, United States District Court for the Central District of California, Civil Action No. CV08-01039 RGK (PLAx) (the "Litigation"). This Protective Order shall govern any discovery response, document, thing, material, testimony, or other sources containing CONFIDENTIAL INFORMATION that a Party may produce during discovery and/or pre-trial proceedings in this action. The CONFIDENTIAL INFORMATION that is subject to this Order is comprised of customer lists and customer information, contracts that identify customers and vendors and the specific services provided for or by them (including advertisers and affiliates, and including the amount billed or paid for such services), documents reflecting contract and pricing negotiations, performance data relating to advertising campaigns or individual publishers, internal financial records of non-public companies, and subscriber information.

The Order does not govern proceedings during trial. Once the Litigation proceeds to trial, all of the information that was designated as CONFIDENTIAL

INFORMATION and/or kept and maintained pursuant to the terms of this Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise. The Court will not enter a protective order that extends beyond the commencement of trial.

This Order does not apply to any information or documents already in the possession of a receiving party and not subject to any obligation of confidentiality.

2. **Designation of Information for Protection Under This Order.** Any information produced in this Litigation that is reasonably believed by the producing party to be CONFIDENTIAL INFORMATION may be designated as "CONFIDENTIAL." Materials produced by third parties in response to subpoenas may be designated as CONFIDENTIAL by (a) any party to this Litigation that represents that the material is proprietary as to that party, or (b) any third party that represents that the material is proprietary as to that third party and agrees and is willing to be bound by the terms of this Order. The appropriate designation may be made by stamping or otherwise marking the information prior to production as follows: "CONFIDENTIAL." A CONFIDENTIAL designation shall be made by the party producing the document by marking each page of the document CONFIDENTIAL if a paper-based document or pre-pending the file-name with "CONF" if an electronic document. In the case of written material, documents or tangible items, the appropriate designation shall be made at the time the receiving party is provided a copy of the writing or thing. In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give prompt notice thereof at the deposition.

In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated CONFIDENTIAL at a later time, and shall be treated as CONFIDENTIAL by all parties hereto as though such information had been so designated when originally

provided, except to the extent that such information has already been disclosed to persons not subject to this Order. In the event that the information referred to immediately above is disclosed to persons not subject to this Order, the party that made such disclosure shall identify such recipients to the other parties in this Litigation.

3. **Disclosure of Confidential Information.** Information designated CONFIDENTIAL may be disclosed by the receiving party to the following recipients only:

(a) the parties;

(b) outside counsel representing a named party in this matter, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A, except that court personnel shall not be required to execute the Certification attached hereto as Exhibit A or be bound by the terms of this Order;

(d) an expert or consultant who is retained by any party or attorney described in Paragraphs 3(a) and (b) to assist with the Litigation, provided that such expert or consultant executes a Certification attached hereto as Exhibit A;

(e) a person who prepared, received, or reviewed the CONFIDENTIAL INFORMATION prior to its production in the Litigation;

(f) during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s), or who appears based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated CONFIDENTIAL or the specific events, transactions, discussions, or date reflected in

the document, provided such witness executes a Certification attached hereto as Exhibit A;

    (g)    any private mediators utilized in the Litigation, provided such person executes a Certification attached hereto as Exhibit A;

    (h)    the Court, and any Special Masters and/or Mediators appointed by the Court, under seal consistent with the terms of this Order; and

    (i)    such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

A producing person or entity who is not a party in the Litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Counsel agrees to maintain a file of all Certifications (Exhibit A) required by this Order and make them available to opposing counsel upon request.

    4.    Use.  CONFIDENTIAL INFORMATION shall be used by persons to whom it is disclosed solely for the purpose of this Litigation, including but not limited to contacting witnesses to discuss the subject matter of the Litigation, conducting discovery, preparing for trial and any appellate proceeding related hereto. (Nothing in the foregoing sentence is to be construed as modifying or limiting the provisions of paragraph 3 herein.) CONFIDENTIAL INFORMATION shall not be used by such party or persons for any other purpose, unless agreed to in writing by all parties to this Litigation or as authorized by further Order of the Court; provided, however, that nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action. No person who is furnished CONFIDENTIAL INFORMATION shall disclose it to any person not entitled under this Order to receive it. With respect to copies of electronic mail messages produced by either party to the other, those messages, data or metadata extracted from them (in particular recipient identifying information) will not be shared

with any person or company outside the direct employ of plaintiff or defendants, except for (1) outside counsel hired to represent a party in this litigation, and (2) persons who execute a Certification [attached hereto as Exhibit A] before being permitted to view the emails. Those persons in (2) shall be limited to those whose identity is disclosed in an e-mail produced in this matter, persons who, on the face of the email, reasonably appear to have knowledge about the email (e.g., affiliates), and consultants or expert witnesses. The parties shall designate as "CONFIDENTIAL" all email addresses within the meaning of 15 USC § 7704(a)(4)(A)(iv).

5. **Court Procedures.**

(a) If CONFIDENTIAL INFORMATION is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the CONFIDENTIAL portion thereof under seal. The application shall be directed to the judge to whom the papers are directed, and must show good cause for the under seal filing. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal. The filing party may only file the portions of documents or things bearing CONFIDENTIAL INFORMATION under seal. If a document or thing contains CONFIDENTIAL INFORMATION and information that is not CONFIDENTIAL, then the filing party must file publicly the document or thing filed under seal with CONFIDENTIAL INFORMATION redacted.

(b) Any Court proceeding which refers to or describes CONFIDENTIAL INFORMATION shall in the Court's discretion be held in camera. In the event any CONFIDENTIAL INFORMATION is used in any open court proceeding in this Litigation, it shall not lose its CONFIDENTIAL status through such use, and the party using such CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its confidentiality during such use, consistent with paragraph 1 of this Order.

6. **Party's Own Information.** A party is free to do whatever it desires with its own CONFIDENTIAL INFORMATION.

7. **Removal.** A party may seek to remove the CONFIDENTIAL designation of particular items that have been designated as CONFIDENTIAL under this Order. In such event, the following procedure, adopted from Local Rule 37, shall be utilized:

(a) The party seeking such removal shall give counsel of record for the other party written notice thereof, supported by reasons therefor specifying the document, information or other thing as to which such removal is sought;

(b) If the parties cannot reach agreement concerning the matter within ten (10) days after delivery (or in the case of mailing, thirteen (13) days thereafter) of the notice, or such shorter time as the Court may allow, then the party seeking the removal of the CONFIDENTIAL designation may file and serve a motion for an Order requesting such relief. Any such motion shall be made in accordance with Local Rule 37. The parties agree to cooperate in connection with the preparation of any required Joint Stipulation. If a party wishes to file a Joint Stipulation under seal, the other parties will cooperate in the filing of a stipulation to that effect, setting forth good cause as to why the Joint Stipulation or relevant portions thereof should be filed under seal. If such a motion is made, there shall be no disclosure except as permitted under this Order until the Court has ruled upon the motion, and then any further disclosure may be made only in accordance with the ruling so made. The filing and pendency of such motion shall not delay or defer any other pending discovery.

8. **Depositions.** Any deposition reporter who takes down testimony in this action at a deposition shall be given a copy of this Order and shall be required to agree on the transcript of the deposition, before taking down any such testimony, that all testimony and information revealed at the deposition shall not be disclosed by such reporter or any person who transcribed such testimony except to the attorneys of record for the parties in this action. In addition, all deposition testimony and exhibits designated CONFIDENTIAL shall be clearly marked on each page CONFIDENTIAL. If counsel designates any deposition testimony CONFIDENTIAL within the 10 days

after receiving the deposition transcript, counsel shall specifically identify in writing which portions are to be CONFIDENTIAL and shall send such writing to counsel for all parties involved in the action. Further, Counsel for all parties will be responsible for marking appropriate pages of the deposition transcript so designated CONFIDENTIAL.

9. **Exclusion from Deposition.** Whenever any documents, information or other things designated as CONFIDENTIAL are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information or other things designated as CONFIDENTIAL.

10. **No Waiver.** This Order shall be without any prejudice to the right of the parties to (i) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use is restricted, or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, such as restrict the review of materials to the receiving party's outside counsel. Any such motion shall be made in accordance with the procedures described in paragraph 7(b) hereof. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof. Further, nothing in this Order shall be deemed a waiver of the parties' rights to oppose discovery on grounds other than that said discovery constitutes, contains or seeks

confidential documents or information covered by this Order, nor shall it relieve a party of the necessity of a proper response to discovery devices.

11. **Inadvertent Disclosure.** The inadvertent or mistaken disclosure by a producing party of CONFIDENTIAL INFORMATION shall not constitute a waiver of any claim of confidentiality. Should any CONFIDENTIAL INFORMATION be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party shall: (a) use its best efforts to obtain the return of any such CONFIDENTIAL INFORMATION and to bind such person or party to the terms of this Order; (b) within five (5) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person or party to the producing party; and (c) request such person or party to sign the Certification attached hereto as Exhibit A. Counsel for the receiving party will advise counsel for the producing party that it has obtained an executed certification within five (5) business days of its execution by the party to whom the CONFIDENTIAL INFORMATION was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the producing party may pursue for breach of this Order.

If information subject to a claim of attorney-client privilege, work product or other immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such information. If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within five (5) business days of such request unless the receiving party intends to challenge the producing party's assertion of inadvertence, privilege or immunity. All copies of inadvertently or

mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the five (5) business day period described above, the producing party may move the Court for an order compelling the return of such information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any use of such information.

12. **No Probative Value.** This Protective Order shall not, as to any third party, abrogate or diminish any contractual, statutory or other legal obligation or right of any party to this order with respect to any CONFIDENTIAL information. The fact that information is designated CONFIDENTIAL under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be CONFIDENTIAL or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular material is or is not CONFIDENTIAL; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures.

13. **Return of Information.** At the conclusion of this action (including upon dismissal or after appeal from final judgment), all CONFIDENTIAL INFORMATION and all documents which reflect such information, except (a) such documents or information which incorporate or are incorporated into attorney work-product and retained in Counsel's files (b) such documents or information filed or provided to the Court, or (c) deposition transcripts (including documents used as exhibits) (d) such documents or information necessary to enforce any injunction entered in the case, shall, upon the request of the party furnishing such CONFIDENTIAL INFORMATION, be (i) delivered to the party that furnished such CONFIDENTIAL INFORMATION or (ii)

1 in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give
2 written notice of such destruction to opposing counsel within 45 days. Notwithstanding
3 the foregoing, nothing in this Order shall be deemed to bind the Court or any of its
4 personnel to any of the terms of this Order.

5     14. **Court's Jurisdiction.** The Court retains jurisdiction to make such
6 amendments, modifications, deletions and additions to this Order as the Court may from
7 time to time deem appropriate. ~~The provisions of this Order regarding the use and/or~~
8 ~~disclosure of CONFIDENTIAL INFORMATION shall survive the termination of this~~
9 ~~Litigation to the extent the CONFIDENTIAL INFORMATION is not or does not~~
10 ~~become known to the public, and the Court shall retain jurisdiction with respect to this~~
11 ~~Protective Order.~~

12     15. **Effective Date.** Upon the signing of this Protective Order by the United
13 States District Court Judge, or Magistrate Judge, this Protective Order shall be effective
14 as against all of the parties hereto.

15

16 **DONE AND ORDERED** in Chambers at Los Angeles, California this 25 day of
17 \_\_\_July\_\_\_\_, 2008.

18                                                    _____ for
19                                                    PAUL L. ABRAMS
                                                   UNITED STATES MAGISTRATE JUDGE

VENABLE LLP
2049 CENTURY PARK EAST, #2100
LOS ANGELES, CALIFORNIA 90067
(310) 229-9900

## EXHIBIT A: CERTIFICATION

In connection with the matter styled *Beyond Systems, Inc. v. Connexus Corp., et al.*, United States District Court for the Central District of California, Civil Action No. CV08-01039 RGK (PLAx) (the "Order"), I hereby agree that I will not reveal "CONFIDENTIAL" information to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL" information in accordance with the Order, and I will use "CONFIDENTIAL" information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" information confidential in accordance with this Order. I agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated:_____                    _____

_____
[Print Name]

_____
[Company]

_____

_____
[Address]

[PROPOSED] STIPULATED PROTECTIVE ORDER